IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY WALTER GRAY,<br><br>Defendant. | 4:24-cr-00030-SHL-HCA<br><br>**ORDER DENYING<br>MOTION TO DISMISS** |

  Defendant Jeffrey Walter Gray moves to dismiss Counts 1 through 7 of the Indictment for failure to state an offense pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). Because Gray's arguments regarding sufficiency of the evidence are not proper for adjudication in a pretrial ruling, and because he has not otherwise established that the Indictment is defective in any way, the Court DENIES his Motion to Dismiss.

**I. BACKGROUND.**

  In February 2024, Gray was charged in a criminal complaint with sexual exploitation and attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), (e), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). (ECF 1.) The sworn affidavit attached to the complaint alleges that Gray used numerous minors to produce child pornography from 2005 to 2016, often captured using hidden cameras in the changing area of Gray's photography studio and in a bathroom at Gray's residence, and that he maintained a collection of child pornography. (ECF 1-1, pp. 4, 7–12.) On March 20, 2024, a grand jury returned an eight-count indictment against Gray, charging him with sexual exploitation and attempted sexual exploitation of a child (Counts 1 through 7) and possession of child pornography (Count 8). (ECF 15.)

  Gray filed a Motion to Dismiss Counts 1 through 7. (ECF 30.) In the brief supporting his Motion, he offers additional facts beyond those alleged in the affidavit attached to the complaint or set forth in the Indictment. (ECF 38, pp. 4, 7–12.) He asserts that "[t]he evidence does not demonstrate that [he] had the requisite intent or that the videos meet the legal definition of lascivious exhibition." (Id., p. 13.) While Gray acknowledges that the language in the Indictment accurately recites the language of 18 U.S.C. § 2251(a), he disputes that the facts alleged within the

Indictment constitute a violation of that statute. (ECF 43, p. 3.) He maintains that "assuming the facts in the indictment are true, they do not constitute the crime charged within Counts 1–7" because the videos and photographs do not contain sexually explicit conduct. (Id., p. 4.) At most, he argues, the alleged conduct constitutes an invasion of privacy in violation of state law. (Id.)

The Government resists Gray's Motion. (ECF 41.) The Government argues that the Indictment is legally sufficient and Gray's argument about the strength of the evidence is not properly raised in a motion to dismiss under Fed. R. Crim. P. 12(b). The Government further disputes Gray's version of the facts and argues "there is more than enough evidence to convict." (Id., p. 11.) In short, the Government's position is that "because the Indictment is valid on its face and because the facts are currently in dispute, [Gray's] Motion should be denied so that the case can proceed to trial." (Id., p. 5.) The Court heard oral argument on July 24, 2024 (ECF 44), and the matter is now fully submitted.

## II.   LEGAL STANDARD.

Fed. R. Crim. P. 12(b) allows a defendant to raise certain defenses, objections, and requests prior to trial. This includes "a defect in the indictment" such as "failure to state an offense." *Id.* § 12(b)(3)(B)(v). The defendant must raise this defense by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." *Id.* § 12(b)(3).

Fed. R. Crim. P. 7(c)(1) states that an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must also "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.* In evaluating the legal sufficiency of an indictment, the Court must assess whether the face of the indictment "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001). The Court must "accept the government's allegations as true, without reference to allegations outside the indicting document." *United States v. Farm & Home Sav. Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (quoting *United States*

*v. Hernandez*, 299 F.3d 984, 922 (8th Cir. 2002)). Generally, an indictment is sufficient "if its language tracks the statutory language." *Id.*

"[A]n indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999); *see also United States v. Gunter*, 631 F.2d 583, 586 (8th Cir. 1980) ("[A]ppellant cannot challenge an indictment valid on its face on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."). "The Rules of Criminal Procedure contain no provision for summary judgment." *United States v. Brown*, 481 F.2d 1035, 1042 (8th Cir. 1973). Even assuming *arguendo* that a district court has the inherent power to grant summary judgment, such action would not be appropriate where there are incomplete or disputed facts. *See id.*; *see also United States v. Rodríguez-Rivera*, 918 F.3d 32, 35 (1st Cir. 2019) ("No circuit, though, allows such a review [under Rule 12(b)(1)] on an incomplete or disputed factual record.").

### III. LEGAL ANALYSIS.

For the most part, Gray's challenge is an impermissible attack on the sufficiency of the Indictment. Counts 1 through 7 of the Indictment unquestionably satisfy the standards set forth in Fed. R. Crim. P. 7: they provide the dates charged, cite the relevant code provisions, and closely track the statutory language. Specifically, and consistent with 18 U.S.C. § 2251(a), each of Counts 1 through 7 allege that (1) the victim was a minor; (2) Gray "attempted to and did employ, use, persuade, induce, entice, and coerce" the identified minor to engage in sexually explicit conduct; (3) he did so for the purpose of producing a visual depiction of such conduct; and (4) the crime implicates interstate and foreign commerce. (*See* ECF 15.) The Indictment therefore fairly informs Gray of the charges against him, allowing him to prepare a defense and plead double jeopardy in a subsequent prosecution for the same offense. *See Carter*, 270 F.3d at 736.

Gray concedes as much in his brief. (ECF 43, p. 3.) He does not argue that he lacks essential facts concerning the offense charged. (For its part, the Government states that it disclosed the names of the minor victims identified in each Count and has made available for review the material underlying the charges. (ECF 41, p. 4.)) Gray's argument, and the facts he identifies in support, further indicate that he is sufficiently informed of the charges against him. He acknowledges that he owned and operated a photography studio and that the camera in the dressing room "would capture people in various states of undress." (ECF 38, p. 4.) He also directly addresses allegations related to recordings of his stepdaughter. (Id.) These arguments demonstrate his familiarity with

the videos at issue; indeed, he identifies specific features of the content to support his argument that he lacked the requisite intent. (Id., pp. 9–10.)

In these circumstances, the Court cannot entertain Gray's argument that the Indictment should be dismissed because the evidence fails to prove he violated the law. In essence, Gray is asking the Court to decide disputed factual questions and weigh evidence that has not yet been adduced at trial. This the Court cannot do. *See* Fed. R. Crim. P. 12(b)(3); *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) ("Now, so long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not 'provide for a pre-trial determination of sufficiency of the evidence.'" (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992))); *see also United States v. White*, 610 F.3d 956, 959 (7th Cir. 2010) (explaining that "[i]n judging the sufficiency of this indictment, we do not consider whether any of the charges have been established by evidence or whether the government can ultimately prove its case"); *Rodríguez-Rivera*, 918 F.3d at 35 (instructing that a Rule 12(b) motion does not "provide[] an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense"); *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) (clarifying that, except in limited circumstances, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence").

Granted, in *United States v. Rayl*, 270 F.3d 709, 714–15 (8th Cir. 2001), the Eighth Circuit encouraged district courts to "conduct a preliminary review of whether materials offered by the government [in a child pornography case] depict sexually explicit conduct as a matter of law" as opposed to depicting "mere nudity." *Rayl* offered this guidance not in connection with a pretrial motion to dismiss, however, but rather to ensure the Government was not "introduc[ing] and submit[ting] to the jury a large volume of materials that are prurient but non-obscene along with a few materials that could properly be found to be child pornography." *Id.* at 714. Nonetheless, because *Rayl* encouraged "preliminary review" and explained that "the meaning of 'lascivious exhibition of the genitals' is an issue of law," *id.*, some courts have applied it at the pretrial stage. *See United States v. Petroske*, No. 17-CR-0116 (PJS/LIB), 2018 WL 672505, at *2 (D. Minn. Feb. 2, 2018) (conducting preliminary review); *United States v. Nichols*, 2:08-CR-20031-JLH, 2011 WL 3810274, at *9 (W.D. Ark. May 2, 2011) (same), *report and recommendation adopted*, No. Crim. No. 08-20031-001, 2011 WL 3810272 (W.D. Ark. Aug. 29, 2011); *but see United States v.*

4

*Johnson*, No. 09-03007-01-CR-S-ODS, 2009 WL 973107, at *1 (W.D. Mo. Apr. 9, 2009) (holding that *Rayl* does not authorize—much less require—a pretrial determination as to lasciviousness).

The Court need not decide whether *Rayl* authorizes pretrial motions to dismiss. Even if it does, the issue of Gray's intent is clearly for the jury to decide. The Eighth Circuit has affirmed convictions for actual or attempted child sexual exploitation based on the defendant's placement of a hidden camera in a bathroom or other private space where the camera captured minors in a state of partial or full nudity. *See United States v. McCoy*, 108 F.4th 639, 646 (8th Cir. 2024) (affirming convictions for sexual exploitation of a minor based on hidden camera in bathroom); *United States v. Boyle*, 700 F.3d 1138, 1145 (8th Cir. 2012) (affirming convictions for actual and attempted sexual exploitation of a minor based on hidden camera in bedroom and bathroom); *United States v. Johnson*, 639 F.3d 433, 440–41 (8th Cir. 2011) (reversing order granting motion for judgment of acquittal and concluding that sufficient evidence existed to support guilty verdict on attempted sexual exploitation of children charges based on hidden camera in private examination room). As it is undisputed here that Gray placed a hidden camera in a changing room and bathroom and captured minors in various states of undress, it is for the jury—not the Court—to decide in the first instance whether the Government has proven the elements of the offense.

This conclusion is unchanged by Gray's argument that the facts here will not show that he manipulated the camera or steered the minors in a way that might make the videos lascivious. His argument fails at the outset because, again, it asks the Court to make a pretrial determination as to the sufficiency of the evidence, which the Court cannot do. *See Ferro*, 252 F.3d at 968; *see also United States v. Hewlett*, 467 F. Supp. 3d 347, 353 (E.D. Va. 2020) (defendant's contention that the government could not establish that he possessed the requisite intent to violate 18 U.S.C. § 2251(a) "will be addressed on the basis of the evidence adduced at trial, not the Indictment's allegations"). Moreover, and in any event, the Court does not interpret Eighth Circuit precedent as *per se* requiring manipulation of the camera or steering of minors before a person can be found guilty of actual or attempted child sexual exploitation. Instead, the mere fact that Gray placed the hidden camera in the bathroom is likely to be enough to sustain a conviction (if there is one). *See McCoy*, 108 F.4th at 646 (affirming conviction where defendant "arranged a setting, outside a shower, that is sexually suggestive: 'showers and bathtubs are frequent hosts to fantasy sexual encounters as portrayed on television and in film'" (quoting *United States v. Schuster*, 706 F.3d 800, 808 (7th Cir. 2013))).

IV.     **CONCLUSION.**

For reasons set forth above, the Court DENIES Gray's Motion to Dismiss. (ECF 30.)

**IT IS SO ORDERED.**

Dated: August 22, 2024

                                          STEPHEN H. LOCHER
                                          U.S. DISTRICT JUDGE